**Shon D. JOHNSON, Plaintiff–Appellant,**

v.

**J. LONGTIN, Correctional Officer at Clinton Correctional Facility & S.M. Lacy, Correctional Officer at Clinton Correctional Facility, Defendants–Appellees,**

**New York State Department of Correctional Services & Unnamed Officers and Employees of NYS DOCS, Defendants.**

Docket No. 02–0085.

United States Court of Appeals, Second Circuit.

March 28, 2003.

Shon D. Johnson, Attica, NY, Appellant, pro se.

Andrea Oser, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, (Victor Paladino, Assistant Solicitor General, on the brief), for Appellee.

Present: McLAUGHLIN, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Shon D. Johnson appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) entered on March 6, 2002, granting summary judgment to defendants J. Longtin, S.M. Lacy, the New York State Department of Correctional Services ("NYS DOCS"), and unnamed officers and employees of NYS DOCS, and dismissing plaintiff's complaint, which had asserted a claim pursuant to 42 U.S.C. § 1983.

Johnson filed a *pro se* complaint in the United States District Court for the Northern District of New York in October 1998, alleging that he was falsely accused of assaulting correctional officer Longtin at Clinton Correctional Facility. Johnson further alleged that he was thereafter placed in administrative segregation where he was assaulted by an unknown correc-

tional officer who threw flammable liquid on him which was ignited. Johnson also alleged that he had been harassed by correctional officer Longtin for approximately three months.

Defendants moved for summary judgment, attaching as exhibits prison disciplinary records indicating that plaintiff had faced a disciplinary hearing for throwing a bucket of hot water onto Longtin, and had subsequently pled guilty to assaulting him. Additional records, including a videotape of plaintiff's cell in the segregated housing unit, also demonstrated that plaintiff himself had started a fire in his cell, for which he was charged with destroying state property and self-infliction of bodily harm. At a subsequent disciplinary hearing, plaintiff admitted that he had started the fire in his cell while cooking and that "it just got out of control." He was found guilty of the charges by the hearing officer.

In support of their summary judgment motion, defendants contended that the allegations in plaintiff's complaint were false, that plaintiff had failed to establish constitutional violations by the defendants, and that the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Johnson did not respond to the summary judgment motion. Magistrate Judge Gary L. Sharpe, to whom the matter was assigned, directed Johnson to respond within thirty days and warned him of the consequences of failing to do so. Plaintiff still failed to file a response, and the District Court granted defendants' motion, dismissing the complaint. Plaintiff appeals.

We review *de novo* the District Court's grant of summary judgment. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). The District Court, accepting defendants' uncontested version of the facts, and relying on the documentary evidence, found that plaintiff had fabricated the factual allegations in his complaint concerning the assault and the fire. The District Court correctly found that no genuine issue of material fact existed, and that plaintiff had filed a baseless complaint.

For the foregoing reasons, the judgment of the district court is AFFIRMED.